## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------------

IGNACIO MINAYA, *individually and on behalf*   :
*of others similarly-situated*   :
3903 Palmetto Street   :
Philadelphia, PA 19124   :   CIVIL ACTION No.: _____
  :
      Plaintiff,   :   **JURY TRIAL DEMANDED**
  :
  v.   :
  :
LAND COAST INSULATION, INC.   :
4017 Second Street   :
New Iberia, LA 70560   :
  :
      Defendant.   :

--------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Ignacio Minaya ("Plaintiff") hereby brings this collective and class action complaint against Defendant Land Coast Insulation, Inc. ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay him and other similarly-situated individuals employed as Laborers ("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.     Specifically, Plaintiff contends that Defendant failed to pay him, and, upon information and belief, Class Plaintiffs overtime compensation at 1.5 times their "regular rate" of pay under the FLSA and PMWA due to its failure to include certain remuneration, in the form of

alleged "per diem" payments, in their "regular rate" of pay, resulting in the payment of a substantially lower overtime time rate than required by law.

3.      Plaintiff further contends that Defendant violated the FLSA by discriminating against him and ultimately terminating his employment in retaliation for his internal complaints about Defendant's failure to pay him any wages (and thus minimum wages) for the week of December 18, 2023 to December 24, 2023, resulting from their refusal to reissue a paycheck which had been rejected due to insufficient funds.

4.      Finally, Plaintiff brings an individual claim against Defendant under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, contending that Defendant unlawfully failed to pay him for wages which are due and owing for the workweek of December 18, 2023 to December 24, 2023.

5.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

7.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9.      General personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as a consequence of its registration to do business in Pennsylvania.  See 42 Pa. Cons. Stat. § 5301(a)(2)(i) ("qualification as a foreign corporation" permits Pennsylvania courts to "exercise general personal jurisdiction" over such entities); Mallory v. Norfolk S. Ry., 600 U.S. 122, 143 S. Ct. 2028, 2038-45 (2023).

10.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district and in the Commonwealth of Pennsylvania.

## PARTIES

11.     Plaintiff Ignacio Minaya currently resides at 3903 Palmetto Street, Philadelphia, PA 19124.

12.     Upon information and belief, Defendant Land Coast Insulation, Inc., is a business corporation organized and existing under the laws of the State of Louisiana, with a headquarters and office address registered with the Louisiana Secretary of State of 4017 Second Street, New Iberia, LA 70560.  Defendant also has a place of business located at 2100 Kitty Hawk Ave Philadelphia, PA 19112-1808, out of which Plaintiff and the Pennsylvania-based Class Plaintiffs were employed.

13.     Upon information and belief, Defendant operates throughout the Commonwealth of Pennsylvania, including this judicial district.

14.     Defendant is an "employer" of Plaintiff and Class Plaintiffs and covered by the FLSA.

15.     Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

16.     Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections.  See 29 U.S.C. 203(e).

17.     Plaintiff and, upon information and belief, Class Plaintiffs are employees who were employed by Defendant during all times relevant hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

18.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

19.     Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20.     This action is brought as a nationwide collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

21.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed

by Defendant as Laborers or in positions with substantially similar job duties who worked for Defendant at any point in the past three (3) years, were paid on an hourly basis, and denied overtime compensation due to Defendant's failure to include certain alleged "per diem" payments in their "regular rate," and therefore their corresponding overtime rate, in violation of the FLSA.

22.     Plaintiff estimates that there are in excess of several hundred other similarly-situated Laborers who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

23.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's failure to include certain alleged "per diem" payments towards their "regular rate," and therefore their corresponding overtime rate, in violation of the FLSA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

24.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

25.     Paragraphs 1 through 24 are hereby incorporated by reference as though the same were fully set forth at length herein.

26.     Plaintiff brings this action individually, and on behalf of the following Pennsylvania-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3) years as Laborer, or in positions with substantially similar job duties, who were paid on an hourly basis and were denied overtime compensation due to Defendant's failure to include certain alleged "per diem" payments in their "regular rate" and therefore their corresponding overtime rate, in violation of the PMWA.

27.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

28.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether Defendant lawfully excluded the alleged "per diem" payments to Plaintiff and Class Plaintiffs from their "regular rate," and therefore their corresponding overtime rate, under the PMWA;

C.      Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

D.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

29.     Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is a former employee of Defendant who was employed as Laborer who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to properly pay overtime compensation.  Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

30.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

31.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

32.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.      Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

33.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## <u>FACTS RELATED TO PLAINTIFF'S INDIVIDUAL AND COLLECTIVE/CLASS CLAIMS FOR UNPAID OVERTIME COMPENSATION</u>

34.     Paragraphs 1 through 33 are hereby incorporated by reference as though the same were fully set forth at length herein.

35.     Plaintiff Ignacio Minaya began his employment with Defendant on or around January 2023, when he was hired a Laborer out of Defendant's business location in Philadelphia, PA.

36.     From January 23, 2023 until his unlawful termination on or about February 5, 2024, Plaintiff worked out of Defendant's Philadelphia, PA location and was primarily assigned to boat flooring work.

37.     Plaintiff and Class Plaintiffs are/were paid on an hourly basis.

38.     Plaintiff and, upon information and belief, all Laborers employed by Defendant are classified by Defendant as "non-exempt" under the FLSA/PMWA.

39.     In addition to an hourly wage of $18 per hour, Plaintiff received an additional hourly payment of approximately $9.10 which Defendant reported on his paychecks as "PrDiem" and which, upon information and belief, Defendant internally classified as a "per diem" payment.

40.     Defendant did not subject these "per diem" payments to tax withholding and paid them to Plaintiff and, upon information and belief Class Plaintiffs, for all hours worked (excluding holiday and PTO time), regardless of whether Plaintiff or, upon information and belief, Class Plaintiffs, were traveling for Defendant.

41.     Indeed, Plaintiff worked for Defendant only in Philadelphia, PA, where he also resided at all times material hereto.

42.     The alleged "per diem" payments paid to Plaintiff and, upon information and belief, Class Plaintiffs did not/do not qualify for exclusion from their "regular rate" under the FLSA or PMWA.  See 29 C.F.R. § 778.200(a)(1)-(8).

43.     Under the FLSA (and PMWA), Defendant was required to add the hourly "per diem" payments paid to Plaintiff and, upon information and belief, Class Plaintiffs, to all non-overtime premium pay for all hours worked, and then divide that figure by their total hours worked to determine their "regular rate."  See 29 CFR 778.200(c).

44.     Plaintiff and Class Plaintiffs would then be entitled to receive overtime compensation at 1.5x that "regular rate" for all overtime hours worked.  See 29 C.F.R. § 778.110.

45.     Nevertheless, Defendant failed to do so, instead paying Plaintiff and, upon information and belief, Class Plaintiffs only 1.5x their base hourly rate plus the additional, untaxed alleged "per diem" payment.

46.     For example, during the week of March 27, 2023 to April 2, 2023, Plaintiff worked approximately fifty-eight (58) hours and was paid a total of $1,733.80, reflecting forty (40) hours at $18 per hour, eighteen (18) hours at $27 per hour (i.e. 1.5x $18), and an untaxed "PrDiem" payment of $527.80 (representing $9.10 per hour).

47.     Pursuant to the FLSA/PMWA, however, Defendant was required to add Plaintiff's alleged "per diem" payment of $9.10 per hour to all other non-overtime premium pay (totaling $1,044 = 58 hours x $18 per hour), and then divide the result (i.e. $1,571.8 = $527.80 + $1,044) by 58 hours to determine his "regular rate" of pay, i.e. $27.10.

48.     Defendant was then required to pay Plaintiff an overtime premium of $13.55 per overtime hour (i.e. $243.90 = $13.55 x 18 hours) on top of his regular rate pay of $1,571.80.

49.     As such, Plaintiff was entitled to receive $1,815.70 during the week of March 27, 2023 to April 2, 2023, or $81.90 *more* than Defendant paid him.

50.     Upon information and belief, the unlawful wage practice described above was common to all of Defendant's hourly Laborers.

51.     Plaintiff estimates that, as a result of the unlawful pay practices of Defendant described above, he and Class Plaintiffs have been denied overtime compensation at 1.5 times their "regular rate" for approximately fifteen (15) to twenty (20) hours per week.

10

52.     Defendant was aware that Plaintiff and, upon information and belief, Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

53.     Plaintiff and Class Plaintiffs are/were compensated on an hourly basis and, as such, do not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/PMWA.

54.     Additionally, there are no other exemptions under the FLSA or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

55.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

56.     Defendant's actions in paying Plaintiff and, upon information and belief, Class Plaintiffs a tax-free, hourly "per diem," on the same paychecks on which overtime hours were reported and paid (albeit at a lower overtime rate), evidence a willful disregard of its obligations under the FLSA.

57.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**FACTS RELATED TO PLAINTIFF'S INDIVIDUAL CLAIMS FOR FLSA RETALIATION AND UNPAID WAGES UNDER THE WPCL**

58.     Paragraphs 1 through 57 are hereby incorporated by reference as though the same were fully set forth at length herein.

59.     During the workweek of December 18, 2023 to December 24, 2023, Plaintiff worked forty (40) hours and received a paycheck in the gross amount of $1,084 (net $914.39),

representing forty (40) hours of pay at $18 per hour and an untaxed per diem payment of
$364.00.

60.     However, when Plaintiff attempted to deposit this paycheck, it was rejected and
returned due to insufficient funds.

61.     Plaintiff promptly complained to his manager, Gabriel Gomez ("Mr. Gomez"),
about the bounced check and asked for it to be reissued so he could receive his wages.

62.     Mr. Gomez replied that he would take care of the issue.

63.     However, Mr. Gomez failed to do so, and Plaintiff's wages from December 18,
2023 to December 24, 2023 remained unpaid.

64.     On or around February 4, 2024, Plaintiff again reminded Mr. Gomez about his
unpaid wages, asking for his paycheck to be reissued.

65.     Mr. Gomez responded, "Okay, I'll resolve the issue."

66.     When Plaintiff arrived at work the following day, he found his security badge had
been deactivated.

67.      Mr. Gomez subsequently confirmed via text message that Plaintiff had been
terminated.

68.     Upon information and belief, Defendant terminated Plaintiff's employment due to
his complaints about Defendant's failure to pay him wages (including, inherently, minimum
wages) for the workweek of December 18, 2023 to December 24, 2023 in violation of the FLSA.

69.     Plaintiff's complaints regarding his unpaid wages (including minimum wages)
constituted protected activity within the meaning of the FLSA.

70.     Plaintiff's pay for the workweek of December 18, 2023 to December 24, 2023
remains due and owing to Plaintiff to date within the meaning of the WPCL.

71.     Defendant has willfully refused to pay Plaintiff's wages for the workweek of December 18, 2023 to December 24, 2023 in that Defendant not denied, but rather conceded that they remain unpaid, but has nevertheless failed to pay them despite multiple requests by Plaintiff.

72.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

73.     Paragraphs 1 through 72 are hereby incorporated by reference as though the same were fully set forth at length herein.

74.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

75.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

76.     Defendant failed to include all remuneration, including the per diem payments described above, when determining Plaintiff's and, upon information and belief, Class Plaintiffs' "regular rate" under the FLSA, resulting in the payment of a lower overtime rate than required by law.

77.     As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

78.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

79.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

80.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant who worked as Laborer, or in positions with substantially similar job duties, at any point in the past three (3) years, were paid on an hourly basis, and were denied overtime compensation due to Defendant's failure to include certain alleged "per diem" payments in their "regular rate" and therefore their corresponding overtime rate, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this

lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

      C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

      D.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

      E.     Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

      F.     Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

      G.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

      H.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

      I.     Granting Plaintiff and the Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

      J.     For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

81.     Paragraphs 1 through 80 are hereby incorporated by reference as though the same were fully set forth at length herein.

82.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  <u>See</u> 43 P.S. § 333.113.

83.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  <u>See</u> 43 P.S. § 333.113.

84.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

85.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and Class Plaintiffs, prays for judgment against Defendant as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 215, *et seq.***
**(Individual Count of Retaliation)**

86.     Paragraphs 1 through 85 are hereby incorporated by reference as though the same were fully set forth at length herein.

87.     Plaintiff engaged in protected activity under the FLSA as described above.

88.     Shortly thereafter, Defendant retaliated against Plaintiff by terminating his employment.

89.     By reason of the foregoing, Defendant, through their agents, officers, servants, and/or employees have violated the FLSA by discriminating against and discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

90.     As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and lost employee benefits in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

E.      Pre-judgment interest in an appropriate amount;

F.      Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq.*
### (Individual Count of Unpaid Wages)

91.     Paragraphs 1 through 90 are hereby incorporated by reference as though the same were fully set forth at length herein.

92.     Plaintiff and Defendant entered into an agreement whereby Plaintiff would be compensated at a certain rate in exchange for his labor.

93.     During the workweek of December 18, 2023 to December 24, 2023, Plaintiff worked forty (40) hours and was thus entitled to receive, pursuant to said agreement, forty (40) hours of pay at $18 per hour and a per diem payment of $364.00.

94.     Although Plaintiff received a pay check for said workweek reflecting said compensation, it was "bounced" by the bank when he attempted to negotiate it due to insufficient funds.

95.    Defendant have refused to reissue said check or otherwise pay him the aforementioned wages, which are due and owing under the WPCL.

96.    Defendant violated the WPCL by failing to pay Plaintiff their earned wages.

97.    Defendant willfully violated the WPCL by refusing to pay Plaintiff his wages even after repeated requests for payment, despite having no good faith basis for denying payment to Plaintiff for the work he performed.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    An award to Plaintiff in an amount equal to his unpaid wages;

B.    Liquidated damages of twenty-five percent (25%) under the WPCL;

C.    An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the WPCL;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.


## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    /s/ Michael Groh
Michael Murphy, Esq.
PA ID No. 91262
Michael Groh, Esq.
PA ID No. 319296
Eight Penn Center, Suite 2000

19

1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: May 17, 2024

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.